**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THAVIN OM, | No. 11-17618 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03874-EDL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted November 7, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

The administrative law judge (ALJ) erred in denying Thavin Om disability

benefits. The ALJ's denial of benefits turned on his finding that Om was not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

credible and his related rejection of Dr. Gracer's and Dr. D'Souza's medical opinions.  The ALJ failed to provide clear and convincing reasons for finding Om not credible, *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007), and thus, the ALJ lacked a permissible basis for rejecting the opinions of her treating and examining sources.

The ALJ provided five main reasons for his adverse credibility finding: (1) perceived inconsistencies regarding Om's English proficiency; (2) Om's ability to perform some housework and interact with others; (3) the CDIU's observations; (4) Dr. McGee's opinion that Om gave inconsistent effort during a consultative examination; and (5) Om's failure to seek ongoing mental-health treatment after 2006.

We agree with the district court that the first two reasons are not clear and convincing.  Om's limited English proficiency was consistent with the functional report she filed, and her ability to read a single pill bottle, at best, marginally conflicts with her stated inability to read English.  Similarly, and as the district court observed, Om's ability to perform some chores and interact with others is not inconsistent with her disability.  Disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The remaining three reasons the ALJ gave for his adverse credibility finding also are not clear and convincing. First, the CDIU's observations were generally consistent with Om's description of her limitations, and Om's seeming lack of emotional or physical problems during her brief interview does not conflict with her claimed disability. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Indeed, Om readily admitted during her testimony that her energy level and mood fluctuate throughout the day. And the ability to remain composed for a mere twenty-five minutes does not indicate Om could navigate "the more grueling environment of the workplace." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *cf. Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984).

Second, Dr. McGee's observation that Om gave inconsistent effort during a consultative examination was not sufficient to discount Om's credibility. It is true that Dr. McGee "[did] not feel comfortable making any definitive statements about [Om's] cognitive ability to work." But Dr. McGee did not directly question Om's credibility or find that she was malingering, and Dr. McGee diagnosed Om with a depressive disorder. Moreover, Om, herself, and her treating and examining sources acknowledge she has difficulty concentrating, potentially explaining her inconsistent testing performance. Discounting Om's credibility based on Dr. McGee's equivocal evaluation is particularly unconvincing because two other

medical sources agreed that Om exhibited symptoms of depression and PTSD. *See Reddick*, 157 F.3d at 723.

Third, Om's failure to seek ongoing mental-health treatment after 2006 does not serve to discredit her testimony. As a threshold matter, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (internal quotation marks omitted). Further, Om remained on psychotropic drugs through at least mid-2008. Even when she was in treatment, Dr. Gracer noted that she struggled to remember appointments, potentially explaining her failure to continue treatment.

In short, considered together, the ALJ's reasons for finding Om not credible do not rise to the level of clear and convincing. As such, his adverse credibility finding was not supported by substantial evidence.

Given that Om should have been found credible, it follows that the ALJ also erred by rejecting Dr. Gracer's and Dr. D'Souza's opinions. The ALJ rejected their opinions because they were based primarily on Om's statements, which the ALJ found not credible, rather than on a rigorous analysis of her symptoms. But Om's statements *were* credible, and both Dr. Gracer and Dr. D'Souza discussed

Om's specific symptoms and cited the relevant sections of the DSM-IV in making their diagnoses.

In light of our rulings above, it is clear from the record that the ALJ would be required to find Om disabled at step 5 on remand, notwithstanding her failure to attend two consultative examinations on the advice of counsel. Once her testimony and her medical sources' opinions are properly credited, the record makes clear that Om cannot engage in substantial gainful activity that exists in "significant numbers" in the national economy. *Reddick*, 157 F.3d at 728–29; *see Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008). Thus, we reverse the decision of the district court and remand with instructions to remand to the Commissioner for a calculation of benefits. *See Orn*, 495 F.3d at 640.

**REVERSED and REMANDED.**